**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARY KRUCZEK,

     Plaintiff,

        v.

BOROUGH OF LANSFORD, ROBERT
GAUGHAN, RICHARD GIANTESANO,
CHARLES REPINEC, and MARGARET
HOROWSKI,

     Defendants.

CIVIL ACTION NO. 3:04-CV-1179

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Defendants' Post-Verdict Motions in Arrest of

Judgment, Review of Request of Judgment as a Matter of Law, For a New Trial, to Alter

and Amend the Judgment and for a Stay of Judgment (Doc. 41).

**BACKGROUND**

Plaintiff brought this action on June 1, 2004, alleging that: (1) she was terminated

based on her political affiliation/association in violation of her First Amendment rights;

and (2) defamatory statements about Plaitniff were made by Defendant Giantesano on

the "Air Your Opinion" radio program on January 10, 2004.  (Doc. 1.)

On October 12, 2005, following a two (2) day trial, the jury found that: (1)

Defendants had terminated Plaintiff from the position of Borough Secretary / Treasurer at

the Borough Council meeting on January 5, 2004; (2) Plaintiff's political affiliation was a

substantial or motivating factor in Defendants Gaughan, Giantesano, Repinec, and the

1

Borough of Lansford's decisions to terminate Plaintiff; (3) Defendants did not establish that they would have made the same decision to terminate Plaintiff in the absence of her political affiliation; (4) Plaintiff was entitled to compensatory damages for the violation of her First Amendment rights in the amount of $20,000 from Defendant Gaughan, $20,000 from Defendant Giantesano, $20,000 from Defendant Repinec, and $20,000 from Defendant Borough of Lansford; (5) Plaintiff was entitled to punitive damages in the amount of $10,000 from Defendant Gaughan, $10,000 from Defendant Giantesano, and $10,000 from Defendant Repinec; (6) Defendant Giantesano made defamatory statements about Plaintiff on the "Air Your Opinion" radio program on January 10, 2004; (7) Plaintiff was entitled to compensatory damages for the defamatory remarks in the amount of $25,000 from Defendant Giantesano; and (8) Plaintiff was entitled to punitive damages for the defamatory remarks in the amount of $60,000 from Defendant Giantesano.  (Special Verdict Slip, Doc. 38.)

Defendants now move for judgment after trial, a new trial, to alter and amend the judgment and for a stay of judgment.  (Doc. 41.)  Defendants' motion is fully briefed and ripe for disposition.

## DISCUSSION

### 1.    Judgment After Trial

Defendants first move for judgment after trial pursuant to Rule 50 of the Federal Rules of Civil Procedure.  Rule 50 provides, in relevant part, that:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made *at the close of all the evidence*, the court is considered to have submitted the action to the jury. . . . The movant may renew its request

> for judgment as a matter of law by filing a motion no later
> than 10 days after entry of judgment. . . .

FED. R. CIV. P. 50(b) (emphasis added).

In the present case, Defendants made a motion to dismiss Plaintiff's case pursuant to Rule 50 at the close of Plaintiff's evidence.  Defendants, however, did not make a motion pursuant to Rule 50 at the close of all evidence.  Accordingly, Defendants have waived their claim for a renewed motion for judgment as a matter of law.  *See, e.g., Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364 (3d Cir. 1999).

Furthermore, "[a] jury verdict should be disturbed only where the record 'is critically deficient of that quantum of evidence from which a jury could have rationally reached its verdict.'"  *Bjorklund v. Phila. Hous. Auth.*, 118 Fed. Appx. 624, 625 (3d Cir. 2004) (quoting *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 828 (3d Cir. 1994)).  In addition, the evidence should be viewed in the light most favorable to the party against whom the motion is made, in this case, Plaintiff.  *See, e.g., Kinnel v. Mid-Atlantic Mausoleums*, 850 F.2d 958, 961 (3d Cir. 1988).  Even if Defendants had not waived their claims under Rule 50, I cannot find, viewing the evidence in the light most favorable to Plaintiff, that a reasonable jury could only have reached a verdict in favor of Defendants in the present case.

For the above reasons, Defendants have failed to meet the standards for judgment after trial.

**2.      New Trial**

Defendants, next, move for a new trial under Rule 59 of the Federal Rules of Civil Procedure.  Rule 59 provides, in relevant part, that "[a] new trial may be granted to all or

any of the parties and on all or part of the issues (1) in an action where there has been a trial by jury. . . ." FED. R. CIV. P. 59(a).

In the present case, Defendants argue that the verdict was against the weight of the evidence. "New trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Greenleaf*, 174 F.3d at 366 (quoting *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991)).

I am unconvinced that upholding the jury's verdict in this case would result in a miscarriage of justice. Plaintiff provided evidence from which the jury could believe that Defendants terminated Plaintiff on January 5, 2004, because of her political affiliation. Further, Plaintiff provided evidence from which the jury could believe that Defendant Giantesano made defamatory statements about Plaintiff on the "Air Your Opinion" radio program on January 10, 2004.

Accordingly, the Defendant has failed to meet the standard for a new trial.

**3.     Amend or Alter Judgment**

Defendants also request that this Court amend or alter the Judgment entered by the Jury in this matter pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Specifically, Defendants argue that: (1) the jury could not have followed the Court's instructions on defamation since the jury failed to determine that the statements made by Defendant Giantesano were substantially true; and (2) the jury did not follow the Court's instructions on damages since there was no evidence from which the jury could have determined that Plaintiff had suffered any real damage. For the following reasons, I will

4

deny Defendants' request.

The purpose of a motion under Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).  Subsequently, a court may grant a motion to alter or amend a judgment if the party seeking reconsideration "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In the present case, Defendants essentially argue that the jury made a clear error of law by determining that Plaintiff was subjected to defamatory remarks and entitled to damages for the defamation and violation of her First Amendment rights.  Contrary to Defendants' assertions, Plaintiff submitted evidence from which the jury could reasonably believe that Defendant Giantesano defamed Plaintiff by stating that she had acted illegally.  Furthermore, Plaintiff submitted evidence of lost wages in the amount of $20,500 per year, lost benefits, humiliation, mental anguish, and an inability to procure employment.  Accordingly, I cannot find that the jury made a clear error of law or that manifest injustice would result from upholding the Jury's judgment.  As such, I will deny Defendants' request to alter or amend the judgment.

**4.      Relief from Judgment**

Defendants also seek relief from the judgment in the case pursuant to Rule 60 of the Federal Rules of Civil Procedure.  Rule 60 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party. . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Defendants argue that by virtue of either mistake or inadvertence, the jury award of compensatory damages in the amount of $80,000 was excessive in that it exceeds any reasonable compensation for the violation of Plaintiff's First Amendment rights.  Further, Defendants argue that the award of compensatory damages was arbitrary, capricious, and not based upon any of the evidence presented to the jury.  I cannot agree.

As discussed previously, Plaintiff submitted evidence of lost wages in the amount of $20,500 per year, lost benefits, humiliation, mental anguish, and an inability to procure employment.  Given such evidence, I cannot find that $80,000 in compensatory damages was so excessive as to exceed any reasonable compensation for the violation of Plaintiff's First Amendment rights.  Accordingly, I will not grant Defendants request for relief from the judgment set by the jury in this case.

**5.      Stay of Proceedings**

Lastly, Defendants request that the Court grant a stay pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.  Rule 62(b) states, in relevant part:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in

6

accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).

FED. R. CIV. P. 62(b).

As previously discussed, I will deny Defendants' motions under Rule 50, Rule 59, and Rule 60. As such, Defendants have no relevant motions awaiting disposition.

Therefore, Defendants' request for a stay will be denied.

An appropriate Order follows.

 May 21, 2006                                          /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                       United States District Judge

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARY KRUCZEK,

     Plaintiff

        v.

BOROUGH OF LANSFORD, ROBERT
GAUGHAN, RICHARD GIANTESANO,
CHARLES REPINEC, and MARGARET
HOROWSKI,

     Defendants.

NO. 3:04-CV-1179

(JUDGE CAPUTO)

<u>**ORDER**</u>

     **NOW**, this <u>  21st  </u> day of May, 2006, **IT IS HEREBY ORDERED** that Defendants'
Post-Verdict Motions in Arrest of Judgment, Review of Request of Judgment as a Matter of
Law, For a New Trial, to Alter and Amend the Judgment and for a Stay of Judgement (Doc.
41) is **DENIED**.

                        <u> /s/ A. Richard Caputo      </u>
                        A. Richard Caputo
                        United States District Judge